UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-cv-22385-ALTMAN/REINHART

MIGDALIA LOPEZ,

        Plaintiff,

vs.

GREAT LAKES INSURANCE SE,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF No. 18]**

    Plaintiff Migdalia Lopez sued Defendant Great Lakes Insurance SE ("Great Lakes") for breach of contract based on a denied Hurricane Irma claim. ECF No. 1. Great Lakes now moves for summary judgment under Federal Rule of Civil Procedure 56 and Local Rule 56.1 based on Ms. Lopez's failure to give prompt notice. ECF No. 18. I have reviewed the motion, the response, and the reply. ECF Nos. 18,21,26. For the reasons stated below, I **RECOMMEND** that Defendant's Motion for Summary Judgment be **GRANTED**.

**LEGAL PRINCIPLES**

1. Summary Judgment

The legal standard for summary judgment is well-settled:

> A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citation to the record, including inter alia, depositions, documents, affidavits, or declarations. Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." A fact is material if it "might affect the outcome of the suit under the governing law." The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor.
> …
>
> The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. Once this burden is satisfied, "the nonmoving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in his favor.

*Rubenstein v. Fla. Bar*, 72 F. Supp. 3d 1298, 1307–08 (S.D. Fla.2014)(citations omitted).

An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id*. (quoting *Anderson*, 477 U.S. at 247-48). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a

2

genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

   2. Timely Notice

Florida law applies in this diversity case. *See State Farm Mut. Auto. Ins. Co. v. Duckworth*, 648 F.3d 1216, 1218 (11th Cir.2011) (noting that Florida courts apply the law of the jurisdiction in which the contract was entered into). Under Florida law, the purpose of policy provisions requiring prompt notice "is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *Laster v. United States Fidelity & Guaranty Co.*, 293 So.2d 83, 86 (Fla. 3rd DCA 1974) (quotation omitted). Policy provisions that require "timely notice" or "prompt notice" are interpreted identically and mean that notice must be given with "reasonable dispatch and within a reasonable time [i]n view of all the facts and circumstances of the particular case." *Yacht Club on the Intracoastal Condo. Ass'n. v. Lexington Ins.*, 599 F. App'x. 875, 879 (11th Cir. 2015). "[T]he duty to provide notice arises when a reasonable person, viewing all available facts and information, would conclude that an award implicating the policy is likely." *Cordero v. Fla. Ins. Guar. Ass'n,* 354 So. 3d 1150, 1153 (Fla. 2nd DCA 2023) (quoting *LoBello v. State Farm Fla. Ins.,* 152 So. 3d 595, 599 (Fla. 2nd DCA 2014)); *see also Navarro v. Citizens Prop. Ins.*, 353 So. 3d 1276, 1279–80 (Fla. 3rd DCA 2023); *Laquer v. Citizens Prop. Ins.,* 167 So. 3d 470, 474 (Fla. 3d DCA 2015) ("Notice is necessary when there has been an occurrence that should

lead a reasonable and prudent person to believe that a claim for damages would arise." (quoting *Ideal Mut. Ins. v. Waldrep*, 400 So. 2d 782, 785 (Fla. 3rd DCA 1981) (internal quotations omitted))).

In Florida, an insured's failure to provide "timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy." *Ideal Mut. Ins. Co.*, 400 So.2d at 785. The Supreme Court of Florida has set a two-step process to determine whether an insurance company may deny an insured's claim on the ground that the insured failed to give the insurance company timely notice of the claim as required by an insurance policy. *See Bankers Ins. v. Macias*, 475 So. 2d 1216, 1218 (Fla. 1985). "The first step in the analysis is to determine whether or not the notice was timely given." *LoBello*, 152 So. 3d at 599. If the notice was timely given, then the analysis concludes at the first step. *Id*. If the notice was not timely, then the second step is to determine whether the insurance company suffered prejudice because of the untimely notice. *Id*. At the second stage of the analysis, prejudice to the insurer is presumed. *Id*. If notice was not timely, the burden of overcoming the presumption of prejudice is on the insured. *Id*. The insured, however, may rebut the presumption of prejudice by showing that the insurer was not prejudiced by the lack of timely notice. *Id*. The factors to be considered include but are not limited to (1) whether better conclusions could have been drawn without delay, (2) whether those conclusions could have been drawn more easily, or (3) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or the plaintiff's efforts to mitigate his or her damages. *PDQ*

4

*Coolidge Formad, LLC v. Landmark Am. Ins. Co.*, 566 F. App'x 845, 849-850 (11th Cir. 2014), "If the insured is unable to overcome the presumption of prejudice, then the insurer will prevail on a defense of untimely notice." *Id.*

"[W]hether an insured has given 'prompt' notice is generally a question of fact for the jury.*" Guzman v. S. Fid. Ins.*, 332 So. 3d 67, 70-71 (Fla. 2nd DCA 2021) (citing *LoBello*, 152 So. 3d at 599-600 ("All of the Florida cases bearing upon the question of the requirement of notice being given to the insurer seem to be uniform in the proposition that what is a reasonable time depends upon the surrounding circumstances and is ordinarily a question of fact for the jury...The determination of whether the insured gave timely notice to the insurer is ordinarily a question to be resolved by the jury or the trial judge when acting as the trier of the facts.")). But, when the material facts are not in dispute, the issue of notice may be properly resolved as a matter of law. *Evanston Ins. Co. v. Stonewall Surplus Lines Ins. Co.*, 111 F.3d 852 (11th Cir. 1997).

## MATERIAL FACTS

Ms. Lopez owns a property located at 3042 SW 13th Place, Miami, Florida ("the Property"). Joint SOF ¶4.[1] Great Lakes issued Ms. Lopez a commercial lines

---

[1] The citation "Joint SOF" references the Joint Statement of Facts, ECF No. 19. The citation "Lopez SOF" references additional facts asserted by Ms. Lopez, ECF 23. The citation "Great Lakes SOF" references Great Lakes' Statement of Material Facts, ECF No. 17. The Citation "Great Lakes Additional Facts" references additional facts asserted in Great Lakes' Reply to Plaintiff's Response to Statement of Material Facts, ECF No. 25.

5

insurance policy for a coverage period of March 16, 2017, through March 16, 2018. Joint SOF ¶1-2. The policy includes a "prompt notice" provision. ECF No. 17, Ex. 1 at 49. I take judicial notice that Hurricane Irma hit South Florida on September 10, 2017. Fed. R. Evid. 201(b)(2), 201(c)(1). Three or four days later, Ms. Lopez noticed interior water stains on the property's ceiling. Great Lakes SOF ¶5. Almost three years later, on June 8, 2020, Great Lakes received notice of the claim. Joint SOF ¶5; Great Lakes SOF ¶6. Between September 2017 and the time that she reported the claim, Ms. Lopez made repairs to "try and fix the damage cause by the Hurricane and [avoid] further damage" but the stains persisted, and water started dripping. Lopez SOF ¶15-17.[2] Great Lakes inspected the property on June 25, 2020, and denied coverage in February 2021. Great Lakes SOF ¶10.

## DISCUSSION

Great Lakes seeks summary judgment on the grounds that Ms. Lopez failed to give prompt notice. ECF No. 18 at 6. Great Lakes says that because Ms. Lopez failed to give prompt notice, prejudice to Great Lakes is presumed, and Ms. Lopez has failed to meet her burden to rebut it. *Id.* Ms. Lopez says Great Lakes waived its right to assert compliance and whether she complied with the notice provision is a question of fact.

---

[2] The parties dispute whether the repairs were "temporary" but do not dispute that Ms. Lopez made repairs to the property. Lopez SOF ¶15-17; Great Lakes Additional Facts ¶15-17.

1. <u>Notice was not "prompt" as a matter of law.</u>

First, under the two-step analysis in *Macias*, the parties agree that Ms. Lopez noticed interior stains on her ceiling three or four days after the hurricane and that those stains continued to persist, and water started dripping over the span of about two years and nine (9) months. Applying the reasonably prudent person standard, notice was necessary because there had been an occurrence that should have led Ms. Lopez to believe a claim for damages would arise. A hurricane had just made landfall over the property. Ms. Lopez was at the property during the hurricane and inspected it for damage. Lopez Dep. 36:2-5, 38:9-19. She immediately noticed her fence and tree down and a few days later, she noticed stains on her ceiling. *Id*. 38:17-24. She fixed the fence "pretty much right after," and got "somebody to [check the roof] to see why the stains were showing up." *Id*. 39:2-6, 40:8-11. Ms. Lopez argues she did not "think anything happened due to the hurricane," nor that it was necessary to submit an insurance claim when she first observed the damages. *Id*. 47:21-25,48:1-2. Ms. Lopez misstates the applicable legal standard. The court applies an objective standard not a subjective standard. Viewing all available facts and information, a *reasonable person* would have concluded that "an award implicating the policy was likely. *Cordero*, 354 So. 3d at 1153. *(emphasis added)*. So, her duty to notify arose in or about September 2017.

In cases involving notice provisions like the one in this case, Florida courts have held that a period of even six-month or less is not considered prompt notice as a matter of law. *See e.g., Ideal Mut. Ins. Co*, 400 So.2d at 785 (two-month delay in

reporting after airplane accident); *Deese v. Hartford Acc. & Indem. Co.*, 205 So.2d 328, 329 (Fla. 1st DCA 1967) (four-week delay*); see also PDQ Coolidge Formad, LLC*, 566 F. App'x at 849 (upholding district court's finding that six-month delay in reporting property damage is late as a matter of law); *Soronson v. State Farm Fla. Ins. Co.*, 96 So.3d 949 (Fla. 4th DCA 2012) (three-year delay in reporting damage caused by Hurricane Wilma).

Here, Ms. Lopez submitted her claim approximately thirty-three months after the damage to the property. The undisputed record shows that Ms. Lopez became aware of the water stains a few days after the hurricane struck and, instead of reporting it, she had someone check the roof and make repairs. Lopez Dep. 40:8-24. Even assuming the loss at the time was not readily apparent, Ms. Lopez also admits that the stains "persisted" and water started to drip from the ceiling sometime between 2017 and 2020 but she still failed to report it to Great Lakes. *Id.* 41:2-22, 42:22-24, 43:5-9, 45:3-6.

Even viewing the facts in the light most favorable to Ms. Lopez, the undisputed facts in this case are sufficient to "lead a reasonable and prudent person to believe that a claim for damages would arise." *See Yacht Club*, 599 Fed. App'x at 879. I find as a matter of law, notice was untimely.

2. <u>Great Lakes suffered prejudice because of Ms. Lopez's late notice.</u>

A breach of duty of notice results in a rebuttable presumption of prejudice to the insurer. *Macias*, 475 So.2d at 1218. Ms. Lopez says that, even if she failed to provide prompt notice, there is a genuine dispute of material fact as to whether she has

8

rebutted the presumption of prejudice. Ms. Lopez argues "even if this Court [finds notice to be untimely], a question of fact remains as to whether [Great Lakes] suffered any prejudice as a result of any unreasonable delay in reporting the loss." ECF No. 21 at 10. In the alternative, Ms. Lopez says, even if prejudice was presumed, the record rebuts that prejudice because Great Lakes was able to reach a coverage determination and its denial letter "does not suggest that [Great Lakes] was materially prejudiced in its inspection or in reaching a coverage determination." *Id.* at 7. But, the Eleventh Circuit has emphasized, "[s]uch a requirement [] would flip the burden from the insured to the insurer, which is contrary to Florida law." *Yacht Club*, 599 Fed. App'x at 881. *See also See Sabran v. Rockhill Insurance Company*, No. 2:20-cv-803-JLB-KCD, 2022 WL 4624972 (M.D. Fla. Sept. 30, 2022) (granting summary judgment in favor of insurer when insured failed to proffer any competent evidence rebutting the presumed prejudice caused by the insured's late reporting). It was Ms. Lopez's burden to rebut the presumption of prejudice, not the other way around.

Ms. Lopez has not presented sufficient evidence (1) whether better conclusions could have been drawn without delay, (2) whether those conclusions could have been drawn more easily, or (3) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or Ms. Lopez's efforts to mitigate her damages. *PDQ Coolidge Formad*, 566 Fed. App'x at 849-850.

Ms. Lopez proffers that both parties' experts gave different opinions as to the causation of the damages sustained. ECF No. 21 at 14-15. But where the "only

9

evidence Plaintiff proffered was varying opinions from experts, this evidence is not enough to create a genuine issue of material fact." *Yacht Club*, 599 Fed. App'x at 881. Also, Ms. Lopez's late notice frustrated the purpose of the notice requirement, which goes beyond mere causation and is meant to "enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." *Laster*, 293 So.2d at 86.

3. <u>Great Lakes did not waive its ability to assert an affirmative defense based on lack of timely notice.</u>

Ms. Lopez says Great Lakes "unequivocally denie[d] coverage [and therefore] waiv[ed] the argument relating to [her] compliance with the conditions precedent to filing suit. ECF No. 21 at 5. Great Lakes responds that it reserved its ability to assert this argument as an affirmative defense, I agree. Under Florida law, "[i]t is settled that an insurer may provide a defense to its insured while reserving the right to challenge coverage if timely notice of such reservation is given to the insured." *Gemini II Ltd. v. Mesa Underwriters Specialty Ins. Co.*, 592 F. App'x 803 (11th Cir. 2014) (quoting *Centennial Ins. Co. v. Tom Gustafson Indus*., Inc., 401 So.2d 1143, 1144 (Fla. 4th DCA 1981)). And the failure to timely report a claim is a "classic coverage defense [that] must be [included] in the reservation of rights letter." *Mid–Continent Cas. Co. v. King*, 552 F.Supp.2d 1309, 1317 (N.D.Fla.2008).

Great Lakes' denial letter says:

Great Lakes expressly reserve all of their rights under the terms and conditions of the policy or pursuant to applicable law, whether or not mentioned herein. The failure to raise other terms and conditions of the

10

> policy at this time should not be deemed a waiver of Great Lakes right to do so in the future should circumstances warrant. All rights and defenses remained reserved.

ECF No. 26 Ex. A at 3. The denial letter also directs Ms. Lopez's attention to particular provisions including the "Duties in the Event of Loss or Damage" provision. *Id.* Great Lakes' denial letter contains adequate "reservation of rights" language and therefore Great Lakes may properly assert an affirmative defense based on lack of timely notice.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Summary Judgment.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 19th day of July 2024.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE