**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-cv-22385-ALTMAN/Reinhart**

**MIGDALIA LOPEZ**,

     *Plaintiff,*

*v.*

**GREAT LAKES INSURANCE SE**,

     *Defendant.*

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Our Defendant, Great Lakes Insurance SE, filed a motion for summary judgment, arguing that the Plaintiff's "breach of contract suit fails due to her undisputed failure to give prompt notice of loss or damage after Hurricane Irma." Motion for Final Summary Judgment [ECF No. 18] at 8. On July 19, 2024, Magistrate Judge Bruce E. Reinhart issued a report and recommendation, in which he recommended that we grant the Motion because "as a matter of law, [the Plaintiff's] notice was untimely." Report and Recommendation (the "R&R") [ECF No 30] at 8. Magistrate Judge Reinhart also issued the following warning:

> A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Roy K. Altman, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11TH CIR. R. 3-1 (2016).

*Ibid.* More than fourteen days have passed, and neither side has objected. *See generally* Docket; *see also* Notice of No Objection [ECF No. 31] at 1 ("[The Defendant] hereby files notice of its intention *not* to object to the Magistrate's [R&R].").

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the

court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In his R&R, Magistrate Judge Reinhart found that the Plaintiff failed to provide "prompt" notice under Florida law because she "submitted her claim approximately thirty-three months after the damage to [her] property." R&R at 8; *see also id.* at 7 ("In cases involving notice provisions like the one in this case, Florida courts have held that a period of even six-month[s] or less is not considered prompt notice as a matter of law."). Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of Magistrate Judge Reinhart's R&R and will adopt it in its entirety.

We hereby **ORDER and ADJUDGE** as follows:

1.      The Report and Recommendation [ECF No. 30] is **ACCEPTED and ADOPTED** in full.

2.      The Defendant's Motion for Summary Judgment [ECF No. 18] is **GRANTED**. Final judgment shall issue separately pursuant to FED. R. CIV. P. 58.

3.      All hearings and deadlines are **TERMINATED**, and any other pending motions are **DENIED as moot**. This case shall remain **CLOSED**.

**DONE AND ORDERED** in the Southern District of Florida on August 6, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record